IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBIN ERIC LEE                                                              PLAINTIFF

v.                       CIVIL NO. 3:17-CV-3043

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Robin Eric Lee, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on August 5, 2015, alleging an inability to work since August 1, 2011, due to degenerative osteoarthritis of the back, neck and joints; spinal stenosis; vision damage of the right eye, including blurred and double vision; nerve damage to the right knee; ventricular tachycardia; sciatica; and high blood pressure. (Tr. 189, 204-205). For DIB purposes, Plaintiff maintained insured status through March 31, 2015 (but ALJ Op says December 31, 2017???). (Tr. 159 (hearing where atty says DLI was March

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

2015), 189, 204). An administrative video hearing was held on October 4, 2016, at which Plaintiff and a vocational expert testified. (Tr. 158-188).

By written decision dated December 14, 2016, the ALJ found that during the relevant time period, Plaintiff had severe impairments of spine disorder, lumbar and cervical; dysfunction of the major joints, bilateral upper extremity; and obesity. (Tr. 124). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 125). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 404.1567(c), except that Plaintiff could frequently handle and finger bilaterally and frequently flex and rotate his neck. (Tr. 125-128). While Plaintiff was unable to perform any past relevant work, with the help of a vocational expert (VE), the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as salvage laborer, commercial cleaner, and press operator. (Tr. 129).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 18, 2017. (Tr. 1-8). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 14th day of September, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE